**UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT**
John Joseph Moakley U.S. Courthouse

2023 JUN 13 PM 3: 40

RECEIVED
US COURT OF APPEALS
FIRST CIRCUIT
CLERK'S OFFICE

**Appeals from interlocutory orders that denied Plaintiff's November 1, 2022 motion to reconsider; January 30, 2023 motion under Rules 60(b)(1) and 60(b)(6); and January 31, 2023 motion under Rule 60(b)(6).**

Issued on December 29, 2022, February 1, 2023, and February 2, 2023.
In the case 3:19-cv-30056-MGM filed on April 22, 2019 at the
Springfield (Western) Divisional Office of the
United States District Court for the
District of Massachusetts.

**USCA Cases Nos. 23-1119, 23-1142, and 23-1143**

**Jane Doe,**
*Plaintiff-Appellant*,

v.

**UMass-Amherst and twelve other defendants,**
*Defendants-Appellees*.

**Dated June 5, 2023**

**MOTION FOR LEAVE TO SUBSTITUTE ATTACHED MOTION
FOR MOTION FOR SUPPLEMENTAL TIME EXTENSION TO FILE
BRIEF MAILED ON JUNE 2, 2023**

On June 2, 2023, Appellant mailed to this Court a motion for supplemental time extension to file brief. Unfortunately, Appellant mailed a version of that motion that contained an inadvertent error (i.e., "May, 2026") in the second sentence of the

first paragraph that she wishes to correct by requesting herein the authorization to replace that June 2, 2023 motion with the enclosed motion (Attachment #01).

Appellant regrets this error and extends her sincerest apologies to both the Court and the opposing parties' counsels for the resultant inconvenience.

Respectfully submitted,
/s/ Jane Doe

Case: 23-1119     Document: 00118020357     Page: 3     Date Filed: 06/13/2023     Entry ID: 6573899

Motion for leave to substitute attached motion for motion mailed on June 2, 2023_Doe v. UMass-Amherst and twelve other defendants_060523

**Certificate of Service**

On June 5, 2023, Appellant hereby certifies that on the same day she served the instant motion with its single attachment by mailing printed copies of all these documents via U.S.P.S. regular mail to the Clerk's office of the U.S. Court of Appeals located at the John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, MA 02210. Subsequently, Appellant emailed copies of the corresponding digital files to the opposing parties' counsels, namely, Atty. Mark Johnson, Assistant Attorney General Hannah Vail, and Atty. Deborah Ecker.

Respectfully submitted,
/s/ Jane Doe

Enc.: As Attachment #01, motion for supplemental time extension to file brief dated June 5, 2023.

# ATTACHMENT #01

**UNITED STATES COURT OF APPEALS**
**FOR THE FIRST CIRCUIT**
**John Joseph Moakley U.S. Courthouse**

**Appeals from interlocutory orders that denied Plaintiff's November 1, 2022 motion to reconsider; January 30, 2023 motion under Rules 60(b)(1) and 60(b)(6); and January 31, 2023 motion under Rule 60(b)(6).**

Issued on December 29, 2022, February 1, 2023, and February 2, 2023. In the case 3:19-cv-30056-MGM filed on April 22, 2019 at the Springfield (Western) Divisional Office of the United States District Court for the District of Massachusetts.

**USCA Cases Nos. 23-1119, 23-1142, and 23-1143**

**Jane Doe,**
*Plaintiff-Appellant,*

v.

**UMass-Amherst and twelve other defendants,**
*Defendants-Appellees.*

**Dated June 5, 2023**

**MOTION FOR SUPPLEMENTAL TIME EXTENSION TO FILE BRIEF**

On April 21, 2023, Appellant mailed to this Court a request to extend her brief's filing due date from April 26, 2023 to October 26, 2023. On April 27, 2023, the Court partly allowed this request enlarging the April 26, 2023 deadline with 6 weeks and 2 days, i.e., until June 9, 2023. As of June 5, 2023, which corresponds to the day when the present motion was mailed to this Court, Appellant solicits this

Court's attention again for the grant of a supplemental time extension with the motivating reasons put forth below.

As of June 5, 2023, Appellant in good faith believes that the decision upon her March 27, 2023 show cause argument in the companion case 23-1118 has not yet been issued. Without this decision, it has been impossible for Appellant to know what to do regarding the present consolidated appeal cases, i.e., 23-1119, 23-1142, and 23-1143, for which a brief is expected on June 9, 2023, simply because Appellant is aware that her appeal (*see* case 23-1119) from the decision to deny her motion for reconsideration of the decision to reverse the former order that had allowed her to proceed under a pseudonym at the U.S. District Court will be moot if the companion case 23-1118 is not included. In consequence, this same day, Appellant herewith mailed to this Court a motion to consolidate the case 23-1118 with the already-consolidated cases 23-1119, 23-1142, and 23-1143. The case 23-1118 deals indeed with the primary decision which Appellant seeks to appeal. While the Court is pondering her March 27, 2023 show cause argument explaining why the appeal that is the object of the case 23-1118 should be deemed timely, despite the involuntary delay that Appellant took to file her appeal notice, Appellant would be able to show to this Court that this appeal has merits and therefore highly deserves to be deemed timely, if it were included in the already-consolidated cases 23-1119, 23-1142, and 23-1143 for which a brief is expected by this Court on June 9, 2023.

Moreover, Appellant is aware that this Court has not yet established a precedent by taking a clear position as to a circumstance where a plaintiff has filed an appeal notice late because of having been misled by unopposed grants of time extensions. Although the U.S. Supreme Court has ruled against the aggrieved plaintiff on a similar type of issue,[1] in an opinion written by Justice Thomas (well-known for having a conservative judicial philosophy), at least one Court of Appeals (that for the Second Circuit) has not followed that ruling but instead the dissent written by former Justice Souter with whom late Justice Stevens, late Justice Ginsburg, and former Justice Breyer joined.[2] Given that the First Circuit like the Second Circuit includes District Courts that are all in mostly democratic states of the U.S., there is thus a true tension palpable by even a mere pro se and indigent litigant like Appellant. Against this backdrop, Appellant then believes that her appeal case 23-1142 in itself deserves the gathering by this Court of amicus curiae opinions to weigh in. Appellant assumes that this might be the main reason why this Court has still not ruled upon her aforesaid March 27, 2023 show cause argument. Should Appellant be not mistaken, she would greatly benefit from legal representation in order to facilitate gathering of the needed opinions from friends of the court. In this regard, Appellant is convinced that were at least one claim in her complaint to

---

[1] *Bowles v. Russell*, 551 U.S. 205, 127 S. Ct. 2360 (2007).
[2] Those former four justices have been described as having been generally associated/aligned with the liberal wing of the Court.

survive the now three fully-briefed pending motions to dismiss at the District Court, she should then be able, at long last, to retain legal counsel. However, Appellant is currently in the process of seeking to amend again her complaint at the District Court due to defects of which she has become aware only recently and which she has to try to cure before a decision is finally made as to whether her complaint states any meritorious claims that the District Court wants to adjudicate. In the event that Appellant is granted leave to amend her complaint, a decision on the three motions to dismiss (which will most likely be resubmitted, and which Appellant will thus oppose) cannot be reasonably expected at least until two months after the grant of the amendment, which will in turn make it possible for Appellant to attempt to retain legal counsel only around mid-August 2023—if the District Court rules that her case can proceed.

Considering the additional consolidation that Appellant now seeks and the fact that Appellant foresees—on the basis of the new amendment for which she was only recently, on May 31, 2023, able to initiate the first step of the procedure to seek to add new parties—that she will not know whether she will finally have any real prospects at retaining an attorney before at least two months, Appellant moves this Court to extend her brief's filing due date from June 9, 2023 to September 8, 2023.

Respectfully submitted,
/s/ Jane Doe

**Certificate of Service**

On June 5, 2023, Appellant hereby certifies that on the same day she served the instant motion attached to a motion for leave to substitute by mailing printed copies of all these documents via U.S.P.S. regular mail to the Clerk's office of the U.S. Court of Appeals located at the John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, MA 02210. Subsequently, Appellant emailed copies of the corresponding digital files to the opposing parties' counsels, namely, Atty. Mark Johnson, Assistant Attorney General Hannah Vail, and Atty. Deborah Ecker.

Respectfully submitted,
/s/ Jane Doe

2023 JUN 13 AM 7:49

RECEIVED
US COURT OF APPEALS
FIRST CIRCUIT
CLERK'S OFFICE

Amherst, MA
06 05 23

Dear Clerk's Office,

I am truly very sorry. I extend my sincerest apologies for missing the typo "May, 2026" at the end of the first page of the motion that I mailed on June 2, 2023.

Once again, I'm truly profoundly sorry.

With the highest respect,
/S/ Jane Doe

Case: 23-1119    Document: 00118020357    Page: 11    Date Filed: 06/13/2023    Entry ID: 6573899

Jane Doe
813 North Pleasant St.
Amherst, MA 01003

FILED
IN CLERK'S OFFICE
2023 JUN -9 AM 11:30
US DISTRICT COURT
DISTRICT OF MA

John Joseph Moakley Courthouse
1 Courthouse Way
Boston, MA 02210



U.S. POSTAGE PAID
FCM LG ENV
AMHERST, MA
01002
JUN 05, 23
AMOUNT
$1.74
R2304N116749-02

RDC 99    02210